UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

BRUNSCHWIG & FILS, INC.,

                        Debtor.

-----------------------------------------------------------x

                                    Chapter 11

                                    Case No. 11-22036 (RDD)

## ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF

This matter having come before the Court on the Debtor's *Motion For Orders (I) Scheduling Hearing To Consider (A) Sale Of Substantially All Of The Debtors' Assets, Free And Clear Of All Liens, Claims And Encumbrances, Subject To Higher And Better Offers; And (B) Assumption And Assignment Of Executory Contracts; (II) Scheduling Hearing To Consider Approval Of (A) Break-Up Fee/Expense Reimbursement And (B) Bidding Procedures For The Conduct Of An Auction And Entering Order Thereon; (III) Fixing A Cure Claims Bar Date With Respect To The Assumption And Assignment Of Executory Contracts; And (IV) Fixing Manner And Notice Of Sale Hearing; (V) Authorizing The Debtor To Sell Assets, Free And Clear Of All Liens, Claims And Encumbrances, Subject To Higher And Better Offers; And (VI) Authorizing Assumption And Assignment Of Executory Contracts*, dated January 12, 2011 [ECF No. 8] (the "Sale Motion"), seeking, *inter alia*, entry of an order (i) approving that certain Asset Purchase Agreement, dated as of January 28, 2011, by and between the Debtor, T. Olivier Peardon and Thomas P. Peardon, Jr., as sellers (collectively, "Sellers"), and Kravet Inc., as purchaser ("Kravet" or "Purchaser") (the "Asset Purchase Agreement"), [1] and all ancillary documents

---

[1] All capitalized terms used herein, unless otherwise defined herein, shall have the respective meanings assigned to such terms in the Sale Motion.

referenced therein or contemplated thereby (including, without limitation, the Transition Services

Agreement) (such documents, collectively and including the Asset Purchase Agreement, the

"Transaction Documents," copies of which are annexed hereto as **Exhibit A**), subject to higher

and better offers, (ii) authorizing the sale of substantially all of the Debtor's assets (collectively,

the "Assets") pursuant to section 363(b) and (f) of title 11 of the United States Code, as amended

(the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure, as

amended (the "Bankruptcy Rules"), free and clear of Encumbrances (other than Permitted

Encumbrances as defined in the Asset Purchase Agreement), and (iii) approving the assumption

and assignment of certain executory contracts and unexpired leases pursuant to section 365 of the

Bankruptcy Code and Bankruptcy Rule 6006; and this Court having entered the *Order*

*Approving Approval Of (A) Break-Up Fee/Expense Reimbursement, (B) Bidding Procedures For*

*The Conduct Of An Auction, And (C) Fixing Manner And Notice Of Sale Hearing And Cure*

*Claims Bar Date* on February 2, 2011 [ECF No. 56] (the "Bidding Procedures Order"); and the

Auction (as defined in the Bidding Procedures Order) having been duly held and conducted on

March 7, 2011 in accordance with the Bidding Procedures Order; and Kravet having been

identified at the conclusion of the Auction as the Successful Bidder (as defined in the Bidding

Procedures Order); and due, proper, timely, adequate and sufficient notice of the hearing (the

"Sale Hearing") to approve the sale (the "Sale") of the Acquired Assets to Purchaser (including,

without limitation, the assumption, assignment and sale of the Assigned Contracts and Assigned

Leases to Purchaser) having been given, including, without limitation, to the Committee (as

defined below), all of the holders of liens, claims, interests and other Encumbrances on or in the

Assets, and all of the non-Debtor parties to the executory contracts and unexpired leases; and the

Sale Hearing having been held on March 9, 2011; and the Court having reviewed and considered

the Sale Motion and the objections thereto; and all objections to the relief requested in the Sale Motion having been resolved by the terms of this order (the "Sale Order") or having been otherwise overruled or withdrawn; and on the arguments of counsel made, and the evidence adduced, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and upon the record of the Sale Hearing and this chapter 11 case; and after due deliberation thereon; and good cause appearing therefor, it is

**FOUND, DETERMINED AND CONCLUDED THAT:**[2]

A.      On January 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court, and has continued in the management and operation of its business and property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.      On January 27, 2011, the Office of the United States Trustee filed a notice appointing an official committee of unsecured creditors (the "Committee") in the Debtor's chapter 11 case.

C.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).   Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

D.     The statutory predicates for the relief sought in the Sale Motion are sections 105, 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 6004 and 6006, and Rules 6004-1 and 6006-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, as amended (the "Local Rules").  The Sale constitutes a sale of property of the Debtor's estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

E.     Due, proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, and the Sale (including, without limitation, the assumption, assignment and sale of the Assigned Contracts and Assigned Leases to Purchaser) has been provided in accordance with the Bidding Procedures Order, sections 105(a), 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9013 and 9014, and Local Rules 2002-1, 6004-1, 6006-1, 9006-1 and 9013-1.  Such notice is good, sufficient and appropriate, and no other or further notice of the Sale Motion, the Sale Hearing or the Sale is or shall be required, and a reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein was afforded to all interested parties, including, without limitation, the Committee.

F.     The Debtor is the sole and lawful owner of the Acquired Assets, as set forth in the Asset Purchase Agreement, and, upon entry of this Sale Order, has the legal power and authority to convey all of its right, title and interest therein and thereto.

G.     Upon entry of this Sale Order, the Debtor has (i) full power and authority to execute the Asset Purchase Agreement, the Transition Services Agreement and the other Transaction Documents, and the sale of the Acquired Assets has been duly and validly authorized by all necessary company action of the Debtor, as applicable, (ii) the necessary power

and authority to consummate the Sale of the Acquired Assets to Purchaser, (iii) taken all company action necessary to authorize and approve the Asset Purchase Agreement and the other Transaction Documents, and consummate the Sale of the Acquired Assets to Purchaser. No consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, are required for the Debtor to close the Sale in accordance with the terms and conditions of the Asset Purchase Agreement.

H.     Sound business reasons exist for the Sale. Among other things, the Debtor has shown an urgent need to consummate the Sale as soon as possible due to insufficient liquidity to continue the operation of its business as a going concern. In the absence of the Sale, the Debtor will be forced to cease operations and liquidate its business, thereby decreasing the value of its estate and creditor recoveries. Accordingly, the Debtor has shown good and sufficient business justification under sections 363(b) and (l) and 105(a) of the Bankruptcy Code for the Sale of the Acquired Assets to Purchaser.

I.     The sale process has been conducted fairly and openly in a manner reasonably calculated to produce the highest and best offer for the Acquired Assets under the circumstances and in compliance with the Bidding Procedures Order. The Debtor, together with its advisors, conducted a thorough and adequate search for potential purchasers for the Assets. In addition, the Committee, together with its advisors, conducted an independent solicitation of potential purchasers. Pursuant to the Bid Procedures Order, the Debtor obtained Qualified Bids (as defined in the Bid Procedures Order) from the Purchaser and B&F Acquisition Partners, LLC, and conducted the Auction. At the Auction, the Qualified Bidders submitted more than 27 incremental bids, resulting in an increase in the Purchase Price from $6,500,000 to $9,655,000 (in each case calculated in the manner set forth in the Asset Purchase Agreement).

J.      Entry into the Asset Purchase Agreement and the other Transaction Documents, and consummation of the Sale in accordance with the terms and conditions thereof, constitute the Debtor's exercise of sound business judgment, and such acts are in the best interests of the Debtor, its estate, and all parties in interest, in that, without exclusion:

(i)      the Asset Purchase Agreement was negotiated, proposed and entered into in good faith, from arm's-length bargaining positions as between Sellers and Purchaser;

(ii)      Sellers were free to deal with any other party interested in acquiring the Assets;

(iii)      the Debtor has provided for adequate notice and an opportunity to be heard in connection with the Sale in its chapter 11 case; and

(iv)      Purchaser is a third party, unrelated to the Debtor or the other Sellers, and is not a mere continuation of the Debtor's business.

K.      The Purchase Price provided by Purchaser for the Acquired Assets is the highest and best offer received by the Debtor, is fair and reasonable, and constitutes reasonably equivalent value and fair consideration for the Acquired Assets under the Bankruptcy Code and other applicable law.

L.      The Debtor may sell the Acquired Assets free and clear of all Encumbrances (other than Permitted Encumbrances) as contemplated by the Asset Purchase Agreement because, with respect to each creditor asserting any Encumbrance, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  There were no objections by any holders of Encumbrances that have not been resolved by the terms of this Sale Order, or otherwise overruled or withdrawn, and all such parties are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.  The holders of any such Encumbrances are adequately protected because their Encumbrances shall attach to the same

extent, with the same validity and enforceability, and in the same priority to the Sale proceeds as they existed on the Assets immediately before the Closing of the Sale.

M.     The Asset Purchase Agreement and other Transaction Documents were negotiated, and have been and are being undertaken, by Sellers and Purchaser at arms'-length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the Purchaser is entitled to the protections of section 363(m) of the Bankruptcy Code.  Moreover, neither the Debtor nor the Purchaser engaged in any conduct that would cause or permit the Asset Purchase Agreement, the other Transaction Documents, the consummation of the Sale, or the assumption and assignment of the Assigned Contracts and Assigned Leases, to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

N.     As of Closing (as defined in the Asset Purchase Agreement), Purchaser will not be an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders will exist between Purchaser and the Debtor.

O.     The Sale of the Acquired Assets to Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, and will vest Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets free and clear of all Encumbrances (other than Permitted Encumbrances), including, but not limited to, all claims arising under any theory of successor liability.

P.     The Debtor has demonstrated that it is an exercise of its sound business judgment to assume and assign and sell the Assigned Contracts and Assigned Leases to Purchaser in

connection with the Sale. Additionally, assumption, assignment and sale of the Assigned

Contracts and Assigned Leases to Purchaser is in the best interests of the Debtor, its estate, its

creditors, and all parties in interest. The Assigned Contracts and Assigned Leases being

assumed, assigned and sold to Purchaser are an integral part of the Acquired Assets being

purchased by Purchaser, and, accordingly, such assumption, assignment, and sale is reasonable,

and will enhance the value of the Debtor's estate.

Q.      Subject to the Closing and payment and satisfaction of any Cure Costs  by

Purchaser in accordance with the Asset Purchase Agreement and this Sale Order, the Debtor and

Purchaser have, to the extent necessary, satisfied the requirements of the Bankruptcy Code,

including, without limitation, sections 365(b)(1)(A) and (B) and 365(f) of the Bankruptcy Code,

in connection with the sale and the assumption and assignment of the Assigned Contracts and

Assigned Leases to Purchaser. In addition, except to the extent as may be expressly reserved

pursuant to paragraph 17 below, Purchaser has demonstrated adequate assurance of future

performance with respect to the Assigned Contracts and Assigned Leases pursuant to section

365(b)(1)(C) of the Bankruptcy Code. The assumption and assignment of the Assigned

Contracts and Assigned Leases pursuant to the terms of this Sale Order is integral to the Asset

Purchase Agreement and is in the best interests of the Debtor, its estate, its creditors and other

parties in interest, and represents the exercise of sound and prudent business judgment by the

Debtor.

R.      The Debtor has established that good business reasons exist for selling the

Acquired Assets outside the ordinary course of business and outside a chapter 11 plan. The Sale

does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without the

protections that a disclosure statement would afford. The Sale neither impermissibly restructures

the rights of Debtor's creditors nor impermissibly dictates a liquidating plan of reorganization for the Debtors.

S.    Time is of the essence in consummating the Sale.  Accordingly, to maximize the value of the Debtors' assets and their purchase price, it is essential that the sale of the Acquired Assets occur within the time constraints set forth in the Asset Purchase Agreement. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004(h) and 6006(d).

T.    Approval of the Asset Purchase Agreement and the other Transaction Documents, and consummation of the Sale (including, without limitation, assumption, assignment, and sale of the Assigned Contracts and Assigned Leases to Purchaser) in accordance with the terms and conditions thereof at this time, are in the best interests of the Debtor, its creditors, its estates, and all parties in interest.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The relief requested in the Sale Motion is granted in the manner and to the extent provided herein, and on the record of the Sale Hearing, and the Sale and all other transactions contemplated under the Asset Purchase Agreement and the other Transaction Documents are hereby approved.

2.    Except as may be expressly reserved pursuant to paragraph 17 below, all objections concerning the Sale Motion and Sale are resolved in accordance with the terms of this Sale Order, and as set forth in the record of the Sale Hearing, and to the extent any such

objection was not otherwise withdrawn, waived, or settled, it is hereby overruled and denied

(including all reservations of rights or relief requested therein).

## Approval of the Asset Purchase Agreement, the Other Transaction Documents, and Sale to Purchaser.

3.      The Asset Purchase Agreement and the Sale to Purchaser of the Acquired Assets

(including, without limitation, assumption, assignment, and sale of the Assigned Contracts and

Assigned Leases to Purchaser), are hereby approved and authorized in all respects pursuant to

sections 105(a), 363(b), 363(f), 363(k), 363(m), 365(a), 365(b), and 365(f) of the Bankruptcy

Code.

4.      The Debtor is authorized and directed to take any and all actions necessary or

appropriate to (a) consummate the Sale (including, without limitation, to convey to Purchaser

any and all of the Acquired Assets) and the Closing, and (b) execute, perform, consummate,

implement and close fully the Asset Purchase Agreement, the other Transaction Documents and

all additional or ancillary documents or instruments that may be reasonably necessary or

desirable to implement the Asset Purchase Agreement (including any and all non-material

amendments thereto), all in accordance with the Sale Motion, the Asset Purchase Agreement and

this Sale Order.  Notwithstanding anything herein to the contrary, Sellers and Purchaser shall

have no obligation to proceed with the Closing of the Asset Purchase Agreement until all

conditions precedent to their respective obligations to do so as set forth in the Asset Purchase

Agreement have been satisfied or waived in accordance therewith.

5.      The consideration provided by Purchaser for the Acquired Assets under the Asset

Purchase Agreement is fair and reasonable and shall be deemed for all purposes to constitute

reasonably equivalent value and fair consideration under the Bankruptcy Code and any other

applicable law.  The Sale may not be avoided, or costs or damages imposed on or awarded against any party in interest in these bankruptcy cases under section 363(n), or any other provision, of the Bankruptcy Code.

6.      Purchaser is a buyer in good faith as that term is used in section 363(m) of the Bankruptcy Code, and Purchaser is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.  Consistent therewith, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption, assignment, and sale of any of the Assigned Contracts or Assigned Leases to Purchaser), unless such authorization is duly stayed pending such appeal.

## Transfer of the Acquired Assets

7.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, upon the Closing, the Acquired Assets shall be sold, transferred, conveyed and assigned to the Purchaser, and the Purchaser shall take title to and possession of the Acquired Assets, free and clear of (a) all Encumbrances (other than Permitted Encumbrances), (b) any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership of the Acquired Assets, and (c) any claim (as that term is defined in section 101(5) of the Bankruptcy Code), whether arising prior to or subsequent to the commencement of the Debtor's chapter 11 case, including any claim arising under any theory of successor liability.  Any and all Encumbrances, if any, on any Acquired Asset shall attach to the Purchase Price proceeds with the same validity and enforceability, to the same extent, and  in the same order of priority as existed on or in such Acquired Assets immediately before the Closing.

8.      Except as expressly provided in the Asset Purchase Agreement and this Sale Order, Purchaser is not assuming, nor shall it or any affiliate of Purchaser be in any way liable or responsible, as a successor or otherwise, for, any liabilities, debts, or obligations of Sellers in any way whatsoever relating to or arising from Sellers' ownership, possession or use of the Acquired Assets prior to the consummation of the transactions contemplated by the Asset Purchase Agreement, or any liabilities calculable by reference to Sellers or any of their respective operations or the Acquired Assets, or relating to continuing or other conditions existing on or prior to the Closing Date, which liabilities, debts, and obligations are hereby extinguished against Purchaser or any affiliate of Purchaser insofar as they may give rise to liability, successor liability or otherwise against Purchaser or any affiliate of Purchaser.  Notwithstanding anything herein to the contrary, Purchaser shall not be liable for any Excluded Liabilities.

9.      From and after the Closing Date, Purchaser shall assume and agrees to pay, perform and otherwise discharge, the Assumed Liabilities, in accordance with the terms and conditions of the Asset Purchase Agreement, with such assumption of liabilities constituting a portion of the Purchase Price paid by Purchaser for the Acquired Assets, and the Debtor shall be relieved of all such Assumed Liabilities and have no further liability for such Assumed Liabilities.

10.     Purchaser is hereby authorized in connection with the consummation of the Sale to allocate the Acquired Assets and the Assigned Contracts and Assigned Leases among its affiliates, designees, assignees, and/or successors in a manner that it in its sole discretion deems appropriate and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Acquired Assets or the rights under any Assigned Contract or Assigned Lease to such affiliates, designees, assignees, and/or successors with all of the rights and protections accorded under this

Sale Order and the Asset Purchase Agreement, and Sellers shall cooperate with and take all actions reasonably requested by Purchaser to effectuate any of the foregoing.

## Assumption And Assignment Of Executory Contracts

11.  The Debtor is hereby authorized and directed, pursuant to sections 365(a), 365(b) and 365(f) of the Bankruptcy Code, to (i) assume and assign the Assigned Contracts and Assigned Leases to Purchaser at the time of and effective upon the Closing, free and clear of any and all Encumbrances (other than Permitted Encumbrances), and (ii) execute and deliver to the Purchaser such documents or other instruments as may be necessary to transfer, convey, sell and assign to the Purchaser, and cause the Purchaser to assume, such Assigned Contracts and Assigned Leases, all in accordance with the Asset Purchase Agreement and this Sale Order. Notwithstanding anything herein to the contrary, no contract or lease that constitutes an Excluded Asset shall be assumed, assigned, transferred, conveyed or sold to Purchaser pursuant to this Sale Order.

12.  The Assigned Contracts and Assigned Leases shall be transferred to, and shall remain in full force and effect for the benefit of, Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract or Assigned Lease (including any of the type described in section 365(f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested with all right, title, privilege and interest of the Debtor in, to and under the Assigned Contracts and Assigned Leases.

13. Consistent with the requirements of sections 365(b) and 365(f) of the Bankruptcy Code, upon the Closing and payment and satisfaction by Purchaser of the Cure Costs in respect of the Assigned Contracts and Assigned Leases in accordance with the terms and conditions of the Asset Purchase Agreement:

    a.   all defaults of the Debtor under such Assigned Contract or Assigned Lease existing as of the date of Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed in all respects cured, and Purchaser shall have no further liability or obligation in respect of any such defaults (including, without limitation, any liability to compensate any counterparty for any actual pecuniary loss to such counterparty resulting from such defaults), except as may otherwise be expressly agreed between Purchaser and the applicable counterparty;

    b.   each counterparty to such Assigned Contract or Assigned Lease shall be forever barred, estopped, and permanently enjoined from asserting against the Debtor, Purchaser, or the property of any of them, any default or claim of breach arising under such Assigned Contract or Assigned Lease and existing as of the Closing Date, or, against Purchaser, any counterclaim, defense, setoff, recoupment or any other claim asserted or assertable against the Debtor or its estate; and

    c.   Purchaser shall be deemed to be substituted for the Debtor as a party to each of the Assigned Contracts and Assigned Leases, and the Debtor and its estate

shall be relieved from any liability for breach of any such Assigned Contract or Assigned Lease occurring after the Closing Date.

14.     [Intentionally omitted].

15.     Except as may be expressly reserved pursuant to paragraph 17 below, Purchaser has provided adequate assurance of its future performance under the Assigned Contracts and Assigned Leases within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

16.     Notwithstanding anything herein to the contrary, the failure of the Debtor or Purchaser to enforce at any time one or more terms or conditions of any Assigned Contract or Assigned Lease shall not be a waiver of such terms or conditions, or of the right of the Debtor or Purchaser, as the case may be, to enforce every term and condition of such Assigned Contract or Assigned Lease.  There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to Purchaser as a result of the assumption, assignment and sale of the Assigned Contracts or Assigned Leases.  Any provision in any Assigned Contract or Assigned Lease that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no force and effect. The validity of the assumption, assignment and sale of the Assigned Contracts and Assigned Leases to Purchaser shall not be affected by any existing dispute between the Debtor and any non-Debtor counterparty.  Any party that may have had the right to consent to the assignment of

its Assigned Contract or Assigned Lease is deemed and determined to have consented for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code.

17.     Pending resolution of a Cure Objection, only the rights of a counterparty to an Assigned Contract or Assigned Lease that has timely filed a Cure Objection that has not been withdrawn, waived, resolved or settled, which rights have been expressly re-asserted to the Court at the Sale Hearing, or by stipulation or statement filed with the Court before entry of this Sale Order, shall be preserved with respect to the issue of cure raised in its Cure Objection, including, without limitation, any right to object to the provision of adequate assurance of future performance.  Nothing herein shall modify or impair the Debtor's obligations under section 365(d)(3) of the Bankruptcy Code, or enlarge or extend the period set forth in section 364(d)(4)(A) of the Bankruptcy Code within which the Debtor is permitted to assume or reject unexpired leases of real property, any which enlargement or extension, if any, shall be subject to entry of a separate Order of this Court on a motion filed and served by the Debtor pursuant to section 364(d)(4)(B) of the Bankruptcy Code.

### Limitations On Liability And Release Of Encumbrances

18.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.  No brokers were involved in consummating the Sale, and no brokers' commissions are due to any person or entity in connection with the Sale.

19.     Upon the Closing, and pursuant to the terms of the Asset Purchase Agreement, (a) Sellers are hereby authorized to consummate, and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of the Acquired Assets to Purchaser free and clear of any and all Encumbrances (other than Permitted Encumbrances), and (b) except as

otherwise expressly provided in the Asset Purchase Agreement, all Encumbrances (other than Permitted Encumbrances) shall be and hereby are released, terminated and discharged as to Purchaser and the Acquired Assets.

20. Upon the Closing, and except as otherwise expressly provided in the Asset Purchase Agreement, Purchaser shall not be liable for any claims against, and liabilities and obligations of, Debtor or any of the Debtor's predecessors or affiliates. Without limiting the generality of the foregoing, (a) other than as may be specifically set forth in the Asset Purchase Agreement or otherwise expressly agreed to by Purchaser, Purchaser shall have no liability or obligation (x) to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any pension plans) or any other payment to employees of the Debtor, or (y) in respect of any collective bargaining agreement, employee pension plan, employee health plan, employee retention program, employee incentive program or any other similar agreement, plan or program to which Debtor may be a party (including, without limitation, liabilities or obligations arising from or related to the rejection or other termination of any such plan, program agreement or benefit), and (b) Purchaser shall in no way be deemed a party to or assignee of any such employee benefit, agreement, plan or program, and all parties to any such employee benefit, agreement, plan or program are enjoined from asserting against Purchaser any claims arising from or relating to such employee benefit, agreement, plan or program.

21. Any and all notices, if any, required to be given to the Debtor's employees pursuant to the Worker Adjustment and Retraining Adjustment Act, or any similar federal or state law, shall be the sole responsibility and obligation of Debtor, and Purchaser shall have no responsibility or liability therefor.

22. Purchaser shall not be deemed a successor of or to the Debtor, the Debtor's estate or the other Sellers with respect to any Encumbrances against Debtor, the other Sellers, or the Acquired Assets, and Purchaser shall not be liable in any way for any such Encumbrances (other than Permitted Encumbrances), including, without limitation, any that may be Excluded Liabilities or Excluded Assets. Upon Closing of the Sale, all creditors, employees and equity holders of the Debtor are permanently and forever barred, restrained and enjoined from (a) asserting any claims or enforcing remedies, or commencing or continuing in any manner any action or other proceeding of any kind, against Purchaser or the Acquired Assets on account of any of the Encumbrances (other than Permitted Encumbrances), Excluded Liabilities or Excluded Assets, or (b) asserting any claims or enforcing remedies under any theory of successor liability, de facto merger, substantial continuity or similar theory.

23. On the Closing Date and pursuant to the terms of the Asset Purchase Agreement, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Acquired Assets or a bill of sale transferring good and marketable title in such Acquired Assets to Purchaser.

24. This Sale Order is and shall be (a) effective as a determination that, upon Closing, all Encumbrances (other than Permitted Encumbrances) existing as to the Acquired Assets have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated as to such Assets and the Purchaser, its successors and assigns, and (b) binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of

their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets conveyed to Purchaser. All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Encumbrances (other than Permitted Encumbrances) against the Acquired Assets from their records, official and otherwise.

25.     If any person or entity that has filed statements or other documents or agreements evidencing Encumbrances (other than Permitted Encumbrances) on or in the Acquired Assets shall not have delivered to Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of such Encumbrances, and any other documents necessary for the purpose of documenting the release of all such Encumbrances which the person or entity has or may assert with respect to the Acquired Assets, Debtor and Purchaser are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to such Acquired Assets.

26.     Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

27.     Any and all Acquired Assets in the possession or control of any person or entity, including, without limitation, any vendor, supplier, professional, contractor or employee of the Debtor shall be transferred to Purchaser free and clear of all Encumbrances (other than Permitted Encumbrances). All such vendors, suppliers, professional, contractors or employees are hereby

directed to turn over to Purchaser any such Acquired Assets in their possession or control as of the Closing Date.

## Further Assurances

28.     The Debtor is hereby authorized to take all such actions and execute and deliver to the Purchaser such other and further agreements and documents as shall be necessary to consummate and give effect to the Asset Purchase Agreement and the transactions contemplated thereby without further order of the Court.

## Additional Provisions

29.     This Sale Order and the Asset Purchase Agreement shall be binding in all respects upon all administrative expense claimants, creditors and equity security holders of the Debtor, all counterparties to the Assigned Contracts and Assigned Leases, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code, and none of the Asset Purchase Agreement, the Sale nor any transactions contemplated thereby shall be subject to rejection or avoidance under any circumstances.

30.     The Asset Purchase Agreement and the other Transaction Documents may be modified, amended, or supplemented by the parties thereto, in a writing signed by Sellers and Purchaser, and in accordance with the terms thereof, without further order of the Court, provided that (i) in the reasonable view of the Debtor, in consultation with the Committee, any such modification, amendment or supplement has no material adverse effect on the Debtor's estate or its creditors, and (ii) with respect to material modifications, amendments or supplements, notice

is provided to those persons who have requested notice pursuant to Bankruptcy Rule 2002 and filed of record with the Court, with an opportunity for a hearing.

31.     Nothing contained in any order entered in the Debtor's chapter 11 case subsequent to entry of this Sale Order, or in any chapter 11 plan confirmed in the Debtor's chapter 11 case, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Sale Order.

32.     This Sale Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h) and 6006(d), and any other provision of the Bankruptcy Code, Bankruptcy Rules or Local Rules (if any), shall not apply, is expressly lifted, and this Sale Order is immediately effective and enforceable.

33.     The provisions of this Sale Order are nonseverable and mutually dependent.

34.     The failure specifically to include or make reference to any particular provision of the Asset Purchase Agreement or the other Transaction Documents in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement and the other Transaction Documents are authorized and  approved in their entirety.

35.     To the extent applicable, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court (a) to allow Purchaser to give the Debtor any notice provided for or contemplated in the Asset Purchase Agreement, and (b) to allow Purchaser to take any and all actions contemplated or permitted by the Asset Purchase Agreement.

36.	To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit relating to the operation of the Acquired Assets sold, transferred or conveyed to Purchaser on account of the filing or pendency of the Debtor's chapter 11 case or the consummation of the Sale.

37.	In the event of any inconsistency between this Sale Order, on the one hand, and the Asset Purchase Agreement or other Transaction Documents, on the other hand, the terms of this Sale Order shall control.

38.	The Court retains jurisdiction to:  (a) interpret, implement and enforce the terms and provisions of this Sale Order (including any injunctive relief provided in this Sale Order) and the terms of the Asset Purchase Agreement, all amendments, modification or supplements thereto, and any waivers and consents thereunder; (b) protect Purchaser, or any of the Acquired Assets, from and against any of the Encumbrances or purported enforcement thereof; (c) compel delivery of all Acquired Assets to Purchaser; and (d) resolve any disputes arising under or related to the Asset Purchase Agreement, the Sale or the transactions contemplated thereunder or thereby, or Purchaser's peaceful possession, use and enjoyment of the Acquired Assets.

39.	Notwithstanding the foregoing, nothing contained in the Asset Purchase Agreement, the other Transaction Documents or this Sale Order shall in any way affect the rights of the Debtor's estate to object to or otherwise contest or challenge the validity or enforceability of any claims asserted against the Debtor's estate by any person, or the validity, enforceability, priority or perfection of any security interest relating to any such claim, including (without limitation) the challenge rights granted to the Creditors' Committee pursuant to the Final DIP

Order.

Dated: March 9, 2011      /s/Robert D. Drain
      White Plains, New York      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Asset Purchase Agreement and Other Transaction Documents

(Attached)